Dear Mr. Maier:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Firemen's Pension and Relief Fund Plan in relation to the Deferred Retirement Option Plan (DROP).
You indicate your questions pertain to Section 13, Subtitle E, I K of the Firemen's Pension and Relief Fund for the City of Houma, R.S. 11:3232, which provides as follows:
 Section 13. Pensions and benefits shall be as follows (R.S. 11:3232):
 E. Any active member of the fire department who serves for a period of twenty years, upon making proper written application to the board of trustees requesting, same, shall be retired from the service and shall be paid a monthly sum equal at any given time to sixty-six and two-thirds percent of either, (1) the highest consecutive thirty-six months of service or (2) the total monthly fireman's compensation of the active member of the fire department holding the position corresponding to that held by the beneficiary at the time of his retirement, whichever is greater. Effective August 1, 1995, such member shall receive an additional amount equal to three percent of such benefits for each year of service after he shall have served twenty years; provided, however, that the maximum benefit shall not exceed ninety-six and two-thirds percent of said active member's corresponding compensation.
 I. In lieu of terminating employment and accepting a service retirement allowance, members of the fire department who serve for a period of twenty years and who are eligible to receive a service retirement may elect to participate in the deferred retirement option plan and defer receipt of benefits under this fund. The maximum period that any employee can participate in said deferred retirement option program and defer receipt of benefits is two years and said employee can only exercise this option one time. On the effective date of the employees' participation in the deferred retirement option program, the employee and the city or parish shall cease contributing to this fund and the employee's benefit amount and service time shall be frozen. If the employee continues active employment with the fire department, the monthly retirement benefit is credited to the deferred retirement option plan account. If an employee dies during the period of participation in the deferred retirement option plan, a lump sum payment equal to his deferred retirement option plan account balance shall be paid to his named beneficiary, or if none, to his estate. In addition, normal survivor benefits payable to survivors of retirees shall be payable. At the end of the period of participation in the deferred retirement option plan account, the employee must choose either to terminate or continue employment with the fire department.
* * * * * * * * * * * * * * * * * * * * * * *
 K. If an employee chooses to continue employment with the fire department, said employee and the city or parish must begin actively contributing to the fund. Payments to the deferred retirement option plan account shall stop and the employee may not make withdrawal from the deferred retirement option plan account. The deferred retirement option plan account withdrawals can be made only after the termination of employment.
Your questions are as follows:
 1. If a Captain, who entered the DROP plan, chooses to continue employment with the Fire Department after participation in the DROP plan, does this qualify him as an active member of the Fire Department and Pension Plan Fund again;
 2. Should the Captain who continues employment after finishing the DROP plan, rise in rank to District Chief for five years and pays retirement deductions of the District Chief salary for that amount of time, and then retires, should he receive the amount of benefits as an active member at the time of retirement or at the time as stated in Section 13, Subtitle E; and
 3. If a member continues employment after finishing the DROP plan, contributes to the fund, and retains the same rank, would his benefits be equal to the time of DROP participation or corresponding to that of retirement.
In answer to your first question, we note that a Captain who chooses to continue employment with the Fire Department, after having participated in DROP, must begin actively contributing to the retirement fund again, as does the city or parish. This makes him an active member of the retirement system.
In your second question you refer to a Captain who continues employment at the conclusion of participation in DROP and receives a promotion during that time. You ask if his benefits are calculated at the time he entered DROP or when he actually terminates employment.
Following the reasoning of the answer to your first question, we must conclude his retirement benefits are calculated from the time he actually terminates employment as a District Chief.
If we understand your third question properly, we find that the period of participation in DROP is not considered in calculating retirement benefits. Section 13(I) states that on the effective date of the employees' participation in DROP, the employee and city cease contributing to the retirement fund and "the employee's benefit amount and service time shall be frozen." As stated previously, following termination of DROP, the period during continued employment is considered in the benefits, but this does not include the period in DROP. In paragraph K it is specified for those who continue employment payments to the DROP plan stops, and DROP account withdrawals can be made only after the termination of employment. Thus, the period in DROP can be considered like a hiatus toward retirement benefits.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR